Pat FOX, in his official capacity as a member of the Town Council of Ingalls, Indiana, et al., Appellants–Defendants,

v.

Tim GREEN, Appellee–Plaintiff.

No. 48A04–0508–CV–493.

Court of Appeals of Indiana.

Aug. 14, 2006.

Publication Ordered Oct. 11, 2006.

Randall V. Sorrell, Donald E. Hamilton, Fortville, IN, Attorneys for Appellants.

Jason A. Childers, Hulse Lacey Hardacre Austin & Shine, Anderson, IN, Attorney for Appellee.

## OPINION

KIRSCH, Chief Judge.

After a bench trial, Pat Fox, in his capacity as a member of the Ingalls Town Council, appeals the trial court's decision that Tim Green was validly appointed to the Fall Creek Regional Waste District (the "FCRWD") Board (the "Board"), the appointment was for a specified term and thus, it was not controlled by Article 15, Section 2 of the Indiana Constitution.

We affirm.

## FACTS AND PROCEDURAL HISTORY

FCRWD is a duly organized and operating regional waste district, pursuant to IC 13–26–1–1 et seq., that operates a wastewater collection and treatment system. FCRWD was approved by a precursor to the Indiana Department of Environmental Management ("IDEM") in 1974, along with its original plan for appointing members to the Board. The original plan provided for the Town of Pendleton to appoint five members to the Board and for the Town of Ingalls to appoint four members. The terms of these appointments were staggered with three members serving four years, three serving three years, two serving two years, and one serving one year. IC 13–26–2–3(5)(C) indicates that the terms may not be more than four years.

The FCRWD adopted a resolution on November 13, 2003 to implement a new procedure for the appointment of Board members in order for the Board membership to better reflect changing customer demographics. On December 8, 2003, the FCRWD filed a petition with IDEM, requesting that IDEM approve the modification of its plan. Its plan provided for the Indiana Department of Correction, Fall Creek Township, Adams Township and Green Township, in addition to Pendleton and Ingalls, to be able to appoint members to the Board, and that those terms "shall remain staggered based on the same schedule that presently exists." *Appellant's App.* at 20. IDEM approved FCRWD's plan on November 29, 2004.

On December 5, 2003,[1] FCRWD sent a letter to the outgoing President of the Ingalls Town Council informing him that the resolution changing the membership of the Board had been adopted and requesting that the Council appoint an individual to the Board "for a three year term, effective January 1, 2004." *Id.* at 30. The outgoing President appointed Green to the Board on December 31, 2003. *Id.* at 32. On January 8, 2004, the Ingalls Town Council also reappointed Green to the

---

1. IC 13–26–1–2 contemplates approval by IDEM for any modifications to its plan and IC 13–26–5–2, which sets forth the powers of a regional wastewater district, does not appear to grant a district the power to unilaterally make changes to its plan without IDEM approval. FCRWD appointed their new Board in accordance with their modified plan almost one year before the plan's ultimate approval by IDEM. However, we need not discuss this issue since neither party raises it in their briefs, and since Fox specifically stated to the trial court that he was not challenging the issue at that time. *Tr.* at 29.

Board, with Fox participating as a 'yes' vote. *Id.* at 40–41.

On July 28, 2004, Fox notified Green that he had been removed from the Board and replaced by Bill Rhodes. *Id.* at 29. Green then filed suit against the Ingalls Town Board seeking to retain his Board position. The trial court issued findings of fact and conclusions of law determining that Green was improperly removed from the Board and should be reinstated. Fox now appeals.

### DISCUSSION AND DECISION

■ Pursuant to Indiana Trial Rule 52(A), the trial court entered findings of fact and conclusions thereon. That rule provides in pertinent part that "[o]n appeal of claims tried by the court without a jury ... the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." When a trial court has entered specific findings and conclusions along with its judgment under T.R. 52, we apply a two-tiered standard of review. *MCS LaserTec, Inc. v. Kaminski,* 829 N.E.2d 29, 34 (Ind. Ct.App.2005). First, we consider whether the evidence supports the findings, construing the findings liberally in support of the judgment. *Id.* Findings are clearly erroneous only when a review of the record leaves us firmly convinced that a mistake has been made. *Id.* Next, we determine whether the findings support the judgment. *Id.* A judgment is clearly erroneous when the findings of fact and conclusions thereon do not support it, and we will disturb the judgment only when there is no evidence supporting the findings or the findings fail to support the judgment. *Id.* We do not reweigh the evidence, but only consider the evidence favorable to the trial court's judgment. *Id.*

■ Fox first argues that Green was not validly appointed to the Board because the outgoing President of the Ingalls Town Council purported to appoint him on December 31, 2003. Fox maintains that the appointment was invalid because the notice from the FCRWD Board requested that the outgoing President convey the notice to the new Ingalls Town Council so that the new President could appoint the Board member. However, this argument essentially ignores the fact that the new Ingalls Town Council also reappointed Green at their first meeting in January. *Tr.* at 40–41. The trial court's judgment that Green was validly reappointed by the Ingalls Town Council was not clearly erroneous.

■ Fox also argues that although he did vote to reappoint Green, he did so with the understanding that he could remove Green at a future date. Fox presented no evidence, other than his own testimony, that the Ingalls Town Council believed that while it was reappointing Green to the FCRWD Board, it would be able to remove him at any time in the future. The minutes from the Ingalls Town Council meeting state only that "next was the reappointment of Tim Green to the Fall Creek Regional Waste District Board. Vice President Thompson made a motion to leave Tim Green on the FCRWD Board. Council member Dowden seconded the motion. A vote followed, 3 eyes, two neys [sic]." *Tr.* at 38.

■ "[B]oards and commissions speak or act officially only through the minutes and records made at duly organized meetings." *Borsuk v. Town of St. John,* 820 N.E.2d 118, 123 (Ind.2005) (quoting *Brademas v. St. Joseph County Comm'rs,* 621 N.E.2d 1133, 1137 (Ind.Ct.App.1993)). "Evidence outside of the board's minutes and records that the board presumed to act in its official capacity is not competent

evidence to substitute for the minutes and records of regular board action." *Scott v. City of Seymour*, 659 N.E.2d 585, 590 (Ind. Ct.App.1995). The minutes of the Ingalls Town Council should speak for themselves and they do not demonstrate a belief of the Council that they could remove Green at any time from the Board.

Finally, Fox relies on Article 15, Section 2 of the Indiana Constitution for his argument that Green served on the Board at his pleasure. Article 15, Section 2 provides:

> When the duration of any office is not provided for by this Constitution, it may be declared by law; and, if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the General Assembly shall not create any office, the tenure of which shall be longer than four years.

Here, although the Indiana Constitution does not provide for the terms of board members of a regional waste district, such terms were contemplated by IC 13–26–2. Thus, we are not faced with a situation where duration of a board appointment was not provided for by law.

IC 13–26–2–3(5)(C) requires that the term of members of a regional waste district board be no more than four years. IC 13–26–2–8 provides for the hearing officer of IDEM to include the manner of the selection or appointment of board members, the number of board members, and the terms of the board members in his findings and recommendations regarding a petition to establish a regional waste district. FCRWD's terms, as approved by IDEM, consist of three members serving four years, three serving three years, two serving two years, and one serving one year. *Appellant's App.* at 12. The letter from the FCRWD to Ingalls that explained the Board's resolution and requested that Ingalls appoint a member to the Board also stated that the member's term would be for three years. *Id.* at 30.

Therefore, the Ingalls Town Council validly appointed Green to the FCRWD Board for a three-year term. Given that there was no evidence that Green was removed for cause, the trial court's findings were supported by evidence, the findings support the judgment, and the judgment was not clearly erroneous.

Affirmed.

BAILEY, J., and CRONE, J., concur.

### ORDER

The Appellant, Fall Creek Regional Waste District, by counsel, has filed a Motion to Publish Memorandum Decision. The Appellant requests publication of this case pursuant to Appellate Rule 65(A) in that it clarifies a rule of law and involves a legal or factual issue of unique interest or substantial public importance.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish is GRANTED, and this Court's opinion heretofore handed down in this cause on August 14, 2006, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

All Panel Judges Concur.